**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FREDERICK TELLES; and
JOSEPHINE TELLES,

      Plaintiffs,

      v.

STARR INDEMNITY & LIABILITY
COMPANY,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:25-CV-447

## <u>MEMORANDUM ORDER</u>

On April 8, 2024, Plaintiff Frederick Telles suffered severe physical injuries when, on the job for American Air Liquide/Airgas, he was hit by a car. ECF 1-1 at ¶¶ 6–11. The driver's insurance policy had limits of $15,000 per person and $30,000 per incident—far below the cost to compensate Mr. Telles's injuries. *Id.* at ¶ 15. So the vehicle qualifies as an underinsured motor vehicle under the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL). *Id.* at ¶ 18; 75 Pa. C.S.A. § 1702.

Mr. Telles's employer, Airgas, had an active auto insurance policy with Defendant Starr Indemnity & Liability Company—policy number 1000635788231 ("231"). ECF 38-2. Believing the MVFRL entitled him to a payout under this policy, Mr. Telles filed a claim for $5 million in Underinsured Motorist (UIM) benefits. ECF 1-1 at ¶ 23. But Starr denied the claim because, in accordance the MVFRL's requirements, *see* 75 Pa. C.S.A. § 1731, Airgas had rejected UIM coverage when, the year before, it purchased the original Starr insurance policy—number 1000635788221 ("221"). ECF 38-1 (UIM rejection form); ECF 1-1 at ¶ 48 (denial of coverage).

This denial led Mr. Telles and his wife, Josephine, to file the present action in Westmoreland County Court of Common Pleas, alleging one count of breach of contract and one count of bad faith against Starr. ECF 1-1. After Starr's removal of

the case, ECF 1, the Court denied the Telleses' motion to remand and Starr's motion to dismiss, ECF 19.  The Court ordered limited discovery on the main coverage issue—specifically, the validity of the rejection form—and then allowed the parties to move for summary judgment after that.  ECF 33, 35, 37.  The Court now considers the parties' cross-motions for summary judgment on the applicability of the policy 221 rejection form (ECF 39, 41).

The Telleses argue that (1) the policy 221 UIM rejection form didn't apply to policy 231 because it was a different contract, rather than a renewal of the existing policy; (2) Airgas's Risk Management Director, Mark Vandevere, didn't have legal authority to bind Airgas when he signed the UIM waiver; and, (3) in any event, dismissing the bad-faith claim would be premature because the Court segmented litigation to focus only on the UIM rejection form issue.  ECF 40.

Each argument fails.  First, while Mr. Vandevere did acknowledge that policy 231 "had a different policy number" than policy 221, this doesn't qualify as the type of "significant change[]" that would turn the policy from a renewal into a new policy. ECF 43 at 7–8 (citing Mr. Vandevere's deposition); see *Std. Fire Ins. Co. v. Poslusney*, 2008 U.S. Dist. LEXIS 138652, *9 (2008) (explaining how, in *Frankiewicz v. Motorists Mutual Insurance Co.*, 90 Erie Co Leg. J. 204 (C.C.P. Erie 2007), the new insurance policy qualified as a new policy only "because the new coverage was not at least equal to the preceding policy [as required by] 40 P.S. § 991.2001.").  At the same time, the declarations page for policy 231 references the prior policy, ECF 38-2 at 8 ("Previous Policy Number: 1000635788221"), and, from the Court's review of the two policies, *see* ECF 38-2 (policy 231); ECF 46-1 at 2–569 (policy 221), it can discern no material reductions to the Pennsylvania auto coverages and limits between the two policies.[1]

---

[1] At oral argument, counsel for the Telleses argued that more discovery was needed on the renewal issue, and also argued that it was improper for Starr to supplement the record after discovery with the affidavit.  The affidavit was sworn by a Starr executive, who confirmed that there were no changes to the named insured or

So there's no reason to deviate from Pennsylvania's default rule: once an insured validly rejects UIM coverage, that choice remains effective across renewals until the insured affirmatively takes action to gain UIM coverage. *See Goodville Mut. Cas. Co. v. McNear*, 332 A.3d 849, 859 (Pa. Super. Ct. 2025) ("this case is best decided by the principle that once Karen selected limited UIM benefits when applying for original coverage, Goodville was entitled to presume that her selection remained effective until affirmatively changed by a named insured"); *see also Erie Ins. Exch. v. Eachus*, 306 A.3d 930, 936 (Pa. Super. Ct. 2023) ("each time that Eachus renewed the Erie policy and paid the renewal premium, his payment to Erie evidenced not only his actual knowledge and understanding of the availability of higher UM/UIM limits, but also his actual knowledge and understanding of the lower limits of UM/UIM coverage that he had selected."). Therefore, the policy 221 UIM rejection form was still in effect for the renewal policy, policy 231.

Second, Mark Vandevere had authority to bind Airgas to the policy 221 UIM rejection form. As the Court discussed when considering Starr's motion to dismiss, "[t]here is [] no support for the Telleses' argument that only an executive has the authority to waive UIM coverage on behalf of the company." ECF 19 at 10 (citing *Bolus v. United Penn Bank*, 525 A.2d 1215, 1221 (Pa. Super. Ct. 1987); *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 335 (W.D. Pa. 2020) (Ranjan, J.)); and *Travelers Indem. Co. of Ill. v. DiBartolo*, 171 F.3d 168, 172, n.8 (3d Cir. 1999), among others). And since that ruling, Starr has presented sufficient and undisputed evidence to show that Mr. Vandevere was the signatory of the UIM rejection form, held the title of Director of Risk Management at Airgas, and had the

---

applicable coverages between policy 221 and policy 231. ECF 46-1 at 1. The Court doesn't need to consider the affidavit. Both policies were exchanged in discovery; both are in the record; and the Court's comparison of both policies leads to the same conclusion. Policy 231 was a renewal policy and had equal Pennsylvania auto coverage to policy 221.

actual and apparent authority to bind the corporation.  ECF 42 at 6–8.  There is no material dispute of fact that Airgas was bound by the policy 221 UIM rejection form signed by Mr. Vandevere.

Third, because the underlying UIM rejection form is valid, there is no UIM coverage under the Starr policy.  Without an underlying breach of contract, the Telleses' bad-faith claim also fails because Starr had a reasonable basis for denying benefits. *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (2017) ("in order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis."); *see Keeler v. Esurance Ins. Servs., Inc.*, No. 21-2449, 2022 WL 10319919, at *3 (3d Cir. Oct. 18, 2022) (citing *Rancosky* to hold District Court didn't err in rejecting breach of contract and bad-faith claims under similar circumstances).

The Telleses are right that the Court previously phased discovery, and didn't authorize any discovery on the bad-faith claim. *See* ECF 33.  But even before that, at the motion-to-dismiss stage, the Court found that the bad-faith claim rose and fell on the main contract claim.  ECF 19 at 5 (finding a valid UIM rejection form "would bar [both] the claims in this case.").  It didn't dismiss that claim then, but only because it was premature. *Id.*  Now that the contract claim fails as a matter of law, the Court takes up again Starr's prior motion to dismiss the bad-faith claim and grants it.

For these reasons, the Court **DENIES** the Telleses' partial motion for summary judgment, **GRANTS** Starr's motion for summary judgment as to Count I, and **GRANTS** Starr's motion to dismiss as to Count II.  Count II will be dismissed with prejudice, and with no leave to amend, given that this is a purely legal issue and amendment would be futile.  A separate judgment order follows.

DATED this 31st day of July, 2026.

BY THE COURT:


/s/ J. Nicholas Ranjan
United States District Judge